| | |
|---|---|
| KIMBERLY PORTER, | |
| Plaintiff, | CASE NO. 12-cv-05042-RBL-JRC |
| v. | REPORT AND RECOMMENDATION ON UNOPPOSED MOTION FOR REMAND |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | Noting Date: June 15, 2012 |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). This matter is before the Court on Defendant's Motion to Remand Pursuant to Sentence Six, 42 U.S.C. § 405(g). (ECF No. 8.) Plaintiff has not filed any Response in opposition to this motion.

After reviewing Defendant's motion and the relevant authority, the undersigned recommends that the Court grant Defendant's motion, and remand this matter to the Commissioner, pursuant to sentence six of 42 U.S.C. § 405(g), because significant portions of

the recording of the hearing held on May 14, 2010 are inaudible and thus good cause exists to support the request for remand.

This Court retains jurisdiction of this action pending further administrative development of the record. See 42 U.S.C. § 405(g); see also Shalala v. Schaefer, 509 U.S. 292, 297-300 (1993) ("[i]mmediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand") (*citing* Melkonyan v. Sullivan 501 U.S. 89, 101-02 (1991)).

On remand, the Appeals Council should remand the matter to an administrative law judge, who shall afford Plaintiff a *de novo* hearing. After remand, the Commissioner of Social Security shall modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the Court any such additional or modified findings of fact and decision. 42 U.S.C. § 405(g).

If the outcome of the *de novo* hearing and decision is not fully favorable to Plaintiff, the Commissioner promptly shall file with the Court a transcript of the complete record and testimony on which the Commissioner's action in modifying or affirming is based. Id. In addition, Plaintiff may seek judicial review by reinstating this case rather than by filing a new complaint. If the outcome is favorable to Plaintiff, the parties promptly shall move this Court for entry of Judgment.

Given the facts and the unopposed nature of the motion, the Court recommends that the District Judge order that the case be **REMANDED** pursuant to sentence six of 42 U.S.C. § 405(g).

This is not a final judgment and the Court retains jurisdiction over this case.

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
2 fourteen (14) days from service of this Report to file written objections.  See also Fed. R.
3 Civ. P. 6.  Failure to file objections will result in a waiver of those objections for
4 purposes of *de novo* review by the district judge. See 28 U.S.C. § 636(b)(1)(C).
5 Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the
6 matter for consideration on June 15, 2012, as noted in the caption.

   Dated this 23rd day of May, 2012.

   _____
   J. Richard Creatura
   United States Magistrate Judge